

**U.S. Citizenship and Immigration Services**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
11411 E Jefferson
Detroit MI 48214
(313) 926-4202

Abdulwahid Abed Ali Aysa Al Darbass
7905 Orchard Ave
Dearborn MI 48126

Refer to this file: NBC*000009578
Alien Number: A 075 054 060
Date: May 5, 2011

## DECISION

On March 31, 2011, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days of the date of this notice.** If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a fee of $650.** A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

*[signature]*
for

Tom Brownrigg
Acting Field Office Director

Form N-335

Attachment(s) to Form N-335
Applicant: Abdulwahid Abed Ali Aysa Al Darbass
Application for Naturalization, Form N-400
Alien Number: A075054060
Application ID: NBC*000009578

Your application is denied in accordance with the Immigration and Nationality Act, as amended, and Title 8 of the Code of Federal Regulations:

On December 8, 2008, you filed an application for citizenship through naturalization at the Nebraska Service Center. You were scheduled for an interview on August 10, 2009. You appeared for your interview at the United States Citizenship and Immigration Services (USCIS) office in Detroit, Michigan. At that interview you were unable to understand words in the English language in ordinary usage. You were scheduled for a reexamination on October 29, 2009. At the reexamination, you submitted a medical exception, Form N-648, to exempt you from the literacy tests and the government and history test. The medical exception request was reviewed by a USCIS officer and it was determined to be insufficient to meet the criteria for granting a medical exception. At the reexamination, you, again, were unable to understand words in the English language in ordinary usage.

USCIS recently issued new guidelines regarding the procedure for determining the sufficiency of the medical exception. After a review under the new guidelines, USCIS has determined that your N-648 form meets the requirements for granting a medical exception.

You were scheduled for another interview to review your application with an interpreter. The appointment was made for March 31, 2011. You appeared for your appointment with your interpreter. A USCIS officer reviewed your application with you through the use of an interpreter. After you were placed under oath, the application was reviewed with you and you signed the application affirming that all the answers were true.

One of the items reviewed was your date of birth. The application showed your date of birth to be March 5, 1929. The validity of this date of birth was brought into question for a number of reasons. The initial date of birth found in your alien file was July 1, 1943. July 1, 1943 appeared on form I-590 (Registration for Classification as Refugee) and on earlier refugee documents. Before you were granted refugee status, you signed form I-590 asserting that all of the facts were true. In addition, on July 21, 1997 you gave sworn testimony to the refugee officer that all the facts on form I-590 were true. You entered the United States on September 19, 1997, as a refugee. Form G-325 showed your date of birth to be July 1, 1943. This form was also signed by you. The original I-94 dated September 19, 1997 that you used to enter the United States as a refugee had July 1, 1943 as your date of birth. Among the earlier documents you submitted was an identity document from Iraq which showed your year of birth to be 1943.

On March 14, 1998 you attempted to change your date of birth to March 5, 1929 on your I-94 card after you were admitted as a refugee. When you filed to become a lawful permanent resident on February 22, 2000, you, again, attempted to change your date of birth to March 5, 1929. You provided another Iraqi identity document that had the same picture of you as the earlier identity document but oddly enough had a different date of birth. This document had your date of birth as March 5, 1929. This document was carefully reviewed by the fraud section of the Nebraska Service Center. The officers in the fraud section came to the conclusion that this document was fraudulent. Your medical report, Form I-693, used during your adjustment interview showed your year of birth to be 1943. Despite all of this evidence, you some how managed to convince the USCIS officer with this fraudulent document that your date of birth was March 5, 1929 at your adjustment interview. As a result, this date of birth began to appear in USCIS records.

When you appeared for your interview on March 31, 2011 with your interpreter, you and your interpreter were placed under oath and the officer reviewed your application with you. The officer asked you questions regarding your eligibility for naturalization. You provided oral responses to the questions you were asked. You were given the opportunity to explain how your date of birth was March 5, 1929. You insisted through

your interpreter that this was the date of birth that you had always known. When the officer pointed out to you that that was not true because when you first entered the United States as a refugee your date of birth was July 1, 1943, you insisted that March 5, 1929, was your date of birth and you had an identity document to prove it. When the officer pointed out that you did not physically appear to be 82 years old. You adamantly insisted that March 5, 1929 was your date of birth.

After an extensive review of your alien file and your testimony, USCIS has made a determination that your correct date of birth should be July 1, 1943. This determination was made as a result of the following information:

1. The oldest records in file show July 1, 1943 to be your date of birth.
2. The document you submitted purporting your date of birth to be March 5, 1929 was created on December 18, 1979 more than 50 years after your alleged date of birth. As a result, this document has little or no probative value.
3. This document showing your date of birth to be March 5, 1929, was determined by USCIS to be a fraudulent document in June, 2000.
4. When you entered as a refugee on September 19, 1997, you had an identity document issued by the government of Iraq showing you date of birth to be 1943.
5. If you were born in 1929, your father would have been eleven or twelve years old at the time of your birth. This is a highly unlikely if not an impossible circumstance. If you were born in 1943, your father would have been 25 or 26. In the general population, these are more likely ages for your father at the time of your birth.
6. If you were born in 1929, your first child would have been born when you were 39 years old. If you were born in 1943, your first child would have been born when you were 25 years old. In the general population, 25 is a more likely age to be a father at the time of your first child's birth.

An applicant for naturalization bears "the burden of establishing by a preponderance of the evidence that he or she meets all the requirements for naturalization." *Berenyi v. District Director*, 385 U.S. 630, 636-37 (1967) ("[W]hen an alien seeks to obtain the privileges and benefits of citizenship...the burden is on the alien applicant to show his eligibility in every respect.") Any doubts on eligibility are to be resolved against the applicant. *Berenyi*, 385 U.S. at 637.

In addition, naturalization may only be granted in strict compliance with the statutory requirements imposed by Congress. "No alien has the slightest right to naturalization unless all statutory requirements are complied with." *United States v. Ginsburg*, 243 U.S. 472, 475 (1917); see also *Federenko v. U.S.*, 449 U.S. 490, 506 (1981).

False testimony under oath for the purpose of obtaining an immigration benefit constitutes a bar to a finding of good moral character. *See* Title 8, Code of Federal Regulations, Part 316.10(b) (2) (vi). This is true even if the testimony is not material. *See Kungys v. United States*, 485 U.S. 759 (1988).

Section 316 of the Immigration and Nationality Act, as amended, states in pertinent part:

> (a) No person, except as otherwise provided in this title, shall be naturalized, unless such applicant... (3) during all the periods referred to in this subsection has been and still is a person of good moral character ...
>
> (e) In determining whether the applicant has sustained the burden of establishing good moral character and the other qualifications for citizenship specified in subsection (a) of this section, the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period.

Section 101 (f) of the Immigration and Nationality Act, as amended, states in pertinent part:

> For the purposes of this Act-No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is or was--...
>
> (6) one who has given false testimony for the purpose of obtaining any benefits under this Act;
>
> The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.

Section 316.2 (a) (7) of Title 8 of Code of Federal Regulations states in pertinent part:

> For all relevant time periods under this paragraph, has been and continues to be a person of good moral character

Section 316.2 (b) of Title 8 of Code of Federal Regulations states in pertinent part:

> The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization...

Section 316.10 (a) of Title 8 of Code of Federal Regulations states in pertinent part:

> (1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.
>
> (2) In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.

Furthermore, the false information you provided and your multiple misrepresentations raise credible doubts about the veracity of your testimony. At your adjustment interview on December 4, 2002 while under oath, you misrepresented the truth by providing a false date of birth and you submitted a fraudulent document to support it. Similarly on your application for naturalization that you filed on December 13, 2002, you listed your date of birth as March 5, 1929. Again, you listed the same date of birth on your naturalization application that you filed on November 18, 2005. Once more on June 1, 2007 you filed another naturalization application with the false date of birth of March 5, 1929. You were interviewed on this application and your sworn testimony stated that March 5, 1929 was your date of birth. Finally, you filed your last naturalization application on December 9, 2008 with your fraudulent date of birth of March 5, 1929. During your sworn testimony on this application, you repeatedly insisted that this was your date of birth even though the USCIS officer challenged you about the veracity of this date of birth. Since February 22, 2000, you have provided false information on multiple immigration and naturalization forms regarding your date of birth. On several occasions you have misrepresented your date of birth while under oath.

You have may have benefitted from this fraudulent date of birth because you have been receiving Supplemental Security Income benefits for about 10 years which may have been based on your age. Similarly by using this date of birth you have cut off a material line of inquiry regarding all four of

your naturalization applications. The material line of inquiry was your background check in that with a year of birth of 1929, you were not required to submit fingerprints for your last three naturalization applications because you would have been over 75 years old. Your history of multiple misrepresentations may impugn other elements of your testimony.

You have not met the good moral character requirement because you have a lengthy history of providing false information and multiple misrepresentations while under oath in order to secure the immigration benefits of lawful permanent residency and citizenship from 2000 to the present.

Accordingly your application for citizenship through naturalization is denied.

OMB No. 1615-0050, Exp. 7-31-05

**U.S. Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

**N-336, Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act**

| Decision: ☐ Grant<br>☐ Denial | Fee: |
|---|---|
| 1. In the Matter of: (Name of Naturalization Applicant)<br>Abdulwahid Abed Ali Aysa Al Darbass | File Number:<br>A 075 054 060 |

2. I am filing a request for hearing on the decision dated:

3. Please check the one block which applies:

   a. ☐ I am *not submitting* a separate brief, statement or evidence.

   b. ☐ I *am submitting* a separate brief, statement and/or evidence with this form.

   c. ☐ I need _____ days to submit a brief, statement and/or evidence to USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

4. **Person Filing Request:**

   Name (Please Type or Print in Black Ink.)

   Address (Street Number and Name)     (Apt. Number)

   (City)     (State)     (Zip Code)

   Signature     Date (mm/dd/yyyy)

   ☐ I am an attorney or representative and I represent the applicant requesting a hearing on a naturalization proceeding. [You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not previously submit such a form.]
   (Person for whom you are appearing)

5. Briefly state the reason(s) for this request for a hearing:

_____
_____
_____
_____

Form N-336 (Rev. 05/05/04) N (Prior versions may be used until 09/03/04)

OMB No. 1615-0050, Exp 7-31-05

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

**N-336, Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act**

## INSTRUCTIONS

**1. Filing.** You must file your request for a hearing within 30 calendar days after service of the decision (33 days if your decision was mailed) with the local office of the U.S. Citizenship and Immigration Services (USCIS) that made the unfavorable decision. (The USCIS is comprised of offices of former Immigration and Naturalization Service.) The date of service is normally the date of the decision. Submit an original request only. Additional copies are not required.

**2. Fee.** You must pay $650 to file this form. This form is to be used to appeal an unfavorable decision for an individual applicant. The fee will not be refunded, regardless of the action taken in your case. Do not mail cash. All checks or money orders, whether United States or foreign, must be payable in U.S. currency at a financial institution in the United States. When a check is drawn on the account of a person other than yourself, write your name on the face of the check. If the check is not honored, USCIS will charge you $30.00.

Pay by check or money order in the exact amount. Make the check or money order payable to **U.S. Department of Homeland Security**; unless;

If you live in Guam and are filing this form there, make the check or money order payable to "Treasurer, Guam."

If you live in the U.S. Virgin Islands and are filing this form there, make the check or money order payable to the "Commissioner of Finance of the Virgin Islands."

When preparing your check or money order, spell out U.S. Department of Homeland Security. Do not use the initials "USDHS" or "DHS."

**3. Attorney or Representative.** You may, if you wish, be represented, at no expense to the government, by an attorney or other duly authorized representative. If so, that person must submit a Notice of Appearance (Form G-28) with the request for a hearing. Form G-28 can be obtained by calling 1-800-375-5283 or from the USCIS internet website at www.uscis.gov.

**4. Brief.** You do not need to submit a brief in support of your request, but you may submit one. You may submit a simple written statement instead of a brief. You may also submit evidence. You must send your request and accompanying fee and documentation to the USCIS office which made the unfavorable decision. If you need more than 30 days, you must, within the initial 30 day period, explain why in a separate letter attached to this form. The USCIS may grant more time for good cause.

**5. Paperwork Reduction Act Notice.** A person is not required to respond to a collection of information unless it displays a currently valid OMB control number. This collection of information is estimated to average 10 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to: U.S. Citizenship and Immigration Services, HQRFS, 425 I Street N.W., Room 4034, Washington, DC 20529; OMB No.1615-0050. **Do not mail your completed application to this address.**

Form N-336 Instructions (Rev. 05/05/04)N (Prior versions may be used until 09/03/04)