UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULWAHID ABED AL DARBASS,

    Plaintiff,          CIVIL ACTION NO. 10-15076

    v.          DISTRICT JUDGE MARK A. GOLDSMITH

USCIS,          MAGISTRATE JUDGE MARK A. RANDON

    Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7)

Plaintiff Abdulwahid Abed Al Darbass ("Plaintiff"), acting *pro se*, has filed suit against United States Citizenship and Immigration Services (USCIS) on December 22, 2010, apparently seeking adjudication of his Form N-400, Application for Naturalization. On May 5, 2011 (*i.e.*, after Plaintiff filed the Complaint starting this case), USCIS denied Plaintiff's application for citizenship through naturalization.

Currently before the Court is USCIS's motion to dismiss (Dkt. No. 7). On February 17, 2011, Judge Mark A. Goldsmith referred all pretrial matters to the undersigned (Dkt. No. 3). Plaintiff did not file a timely written response to USCIS's motion, despite being ordered to do so (Dkt. No. 8). On November 3, 2011, the undersigned held oral argument on USCIS's motion. Plaintiff appeared at the hearing, and argued his case with the aid of an English/Arabic interpreter. For the reasons set forth below, it is **RECOMMENDED** that USCIS's motion to dismiss be **GRANTED**.

## I. FACTS

Plaintiff is an Iraqi citizen. On December 8, 2008, Plaintiff filed an application for U.S. citizenship through naturalization (Dkt. No. 7; Ex. A p. 2). Plaintiff appeared for an interview with USCIS on August 10, 2009 (*Id.*). At this initial interview, Plaintiff was unable to communicate in English. Plaintiff was then scheduled for a reexamination on October 29, 2009 (*Id.*). At the reexamination, Plaintiff submitted a medical exception request to exempt him from the literacy tests. USCIS initially denied Plaintiff's request for a medical exemption, but then later granted Plaintiff's request, under new guidelines (*Id.*). On December 22, 2010, Plaintiff filed the present lawsuit, requesting a final decision on his application for citizenship from USCIS.

Plaintiff then participated in another interview with USCIS on March 31, 2011, this time with the aid of an interpreter (*Id.*). One of the items reviewed during this interview was Plaintiff's date of birth. Plaintiff indicated on his application for citizenship that his date of birth was March 5, 1929. However, when Plaintiff first entered this country, he indicated that his date of birth was July 1, 1943 (*Id.*). The July 1, 1943 date of birth was also listed by Plaintiff on refugee documents (*Id.*). During the interview, however, Plaintiff insisted that his date of birth was actually March 5, 1929. The USCIS officer interviewing Plaintiff did not find this representation credible, however, as that date of birth would have made Plaintiff 82 years old, yet Plaintiff did not physically appear to be 82 years old. Also, given the March 5, 1929 date of birth, the USCIS officer determined that Plaintiff's father would have been only 12 years old when Plaintiff was born. In any event, the USCIS officer

eventually determined that Plaintiff's true date of birth is July 1, 1943, and that Plaintiff was being untruthful during his interview with USCIS.

For purposes of the present motion, it is unnecessary to go through all the reasons why USCIS found Plaintiff's testimony concerning his date of birth to be untruthful, it suffices to note that USCIS ultimately denied Plaintiff's application for citizenship on May 5, 2011 (*Id.*). The decision specifically informed Plaintiff of his right to request a hearing on the decision, and also specifically informed Plaintiff that he was required to file a request for a hearing within 30 days of the unfavorable decision. Plaintiff acknowledged during the hearing (through the aid of his interpreter, Ms. Sijod Al-Mosawi) on Defendant's motion to dismiss that he never requested a hearing from USCIS.

## II. ANALYSIS

### A.   *Legal Standards*

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F. Supp. 1012, 1015-1016 (E.D. Mich. 1995).

### B. Plaintiff's Claims Are Moot

As noted earlier, Plaintiff filed his Complaint on December 22, 2010, requesting that USCIS issue a decision on his application for citizenship through naturalization. Because USCIS issued its decision on Plaintiff's Form N-400 on May 5, 2011 (Dkt. No. 7, Ex. A) the Court is unable to grant the relief requested in the Complaint and Plaintiff no longer has an interest in the outcome of the litigation.

In general, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted," *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004), because "a federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). In other words, "mootness addresses whether [the] plaintiff continues to have an interest in the outcome of the litigation." *Cleveland Branch, N.A.A.C.P.*, 263 F.3d at 525.

Accordingly, since USCIS already adjudicated Plaintiff's application for citizenship, his Complaint's request that the Court order USCIS to do so is moot.

### C. Plaintiff Failed To Exhaust His Administrative Remedies

To the extent Plaintiff's Complaint is alleging that USCIS improperly denied Plaintiff's application for citizenship, such claims are barred because Plaintiff failed to exhaust his administrative remedies. Under the provisions of 8 U.S.C. § 1447(a), an applicant may request a hearing before an immigration officer on the denial of his application for naturalization, and, pursuant to 8 C.F.R. § 336.2, the applicant must request that hearing within thirty days of receiving notice of the denial. After receiving such a request, USCIS must schedule the review hearing "within a reasonable period of time not to exceed 180 days from the date upon which the appeal is filed." 8 C.F.R. § 336.2(b). If the decision following the review hearing is still adverse to the plaintiff, he may file suit for judicial review under 8 U.S.C. § 1421(c), which provides as follows:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). "Where a statute requires a plaintiff to exhaust his or her administrative remedies before seeking judicial review, federal courts do not have subject matter jurisdiction to review the plaintiff's claim until the plaintiff has exhausted his or her administrative remedies." *Bangura v. Hansen*, 434 F.3d 487, 493-94 (6th Cir. 2006), citing *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994). Further, federal regulations provide that judicial review is not available "until the applicant has exhausted those administrative

remedies available . . . under section 336 [8 U.S.C. § 1447]." 8 C.F.R. § 336.9(d). *See also* 8 C.F.R § 336.9(a) ("The provisions in part 310 of this chapter shall provide the sole and exclusive procedures for requesting judicial review of final determinations on applications for naturalization . . ."); 8 C.F.R. § 310.5(b) ("After an application for naturalization is denied following a hearing . . . the applicant may seek judicial review . . .") (emphasis added).

In this matter, Plaintiff admitted that he never requested a hearing from USCIS. As such, Plaintiff did not exhaust his administrative remedies, and this Court is without jurisdiction to review USCIS's decision to deny Plaintiff's application for citizenship. Plaintiff is not without any recourse, however. As noted by counsel for the Government during the hearing in this matter, Plaintiff is free to file a new application for citizenship and, if that application is denied, then Plaintiff can request a hearing.

### III. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS RECOMMENDED** that USCIS's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections

a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon  
                                              MARK A. RANDON  
                                              UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 4, 2011, by electronic and/or first class U.S. mail.*

                                              *s/Melody R. Miles*  
                                              *Case Manager to Magistrate Judge Mark A. Randon*  
                                              (313) 234-5542